### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Esther Wilder,<br><br>    Plaintiff,<br><br> v.<br><br>Sarah Hoiland,<br><br>    Defendant. | Civ. Action No. 22-cv-721<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Esther Wilder ("Plaintiff"), by and through her counsel, for her Complaint against Sarah Hoiland ("Defendant"), alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff is a tenured professor at Lehman College of the City University of New York. This action for copyright infringement arises out of Defendant's verbatim copying of Plaintiff's original text, created by Plaintiff as part of a National Science Foundation funded project, in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* Fully aware of Plaintiff's rights and without Plaintiff's permission or knowledge, Defendant copied Plaintiff's work and included it in Defendant's presentation at an academic conference on learning assessment. Defendant misrepresented to the organizers of and attendees at the conference that she was the sole author of Plaintiff's copyrighted text.

### THE PARTIES

2. Plaintiff is an individual residing in Pleasantville, New York. Plaintiff, a Professor of Sociology at Lehman College of the City University of New York, is well known in her field,

1

and has been the recipient of various grants for her work on numeracy teaching and learning assessment.

3. Upon information and belief, Defendant is an individual residing at 522 Metropolitan Ave, Brooklyn, New York 11211. She is currently an Associate Professor of Sociology at Hostos Community College of the City University of New York, having obtained a promotion from Assistant Professor in 2020.

**JURISDICTION AND VENUE**

4. This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. This Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant pursuant to New York CPLR §§ 301 and 302. Upon information and belief, Defendant resides in Kings County and transacts business within New York City.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

**FACTUAL BACKGROUND**

7. For more than 25 years, Plaintiff has taught at institutes of higher education, including the University of Rhode Island and Wellesley College. She joined the faculty of Lehman College of the City University of New York as an Assistant Professor in 2002, achieved tenure in 2007, and was promoted to full Professor in 2012.

8. In 2011, Plaintiff was the recipient of a $600,000 National Science Foundation funded grant, entitled Numeracy Infusion Course for Higher Education (NICHE): A Project of the City University of New York (CUNY) Quantitative Reasoning Alliance ("NICHE"). From 2011 to 2016, Plaintiff served as the Principal Investigator on the project. Among other things,

the project developed a program to train faculty in best practices for quantitative reasoning ("QR") instruction.

9. In 2013, Plaintiff authored the majority of the content of the NICHE faculty development program, including the entirety of Unit 7H, entitled "QR Assessment Plan/Instrument." This unit was published on or around March 22, 2013. Plaintiff did not know Defendant at the time the NICHE program was developed and Defendant had no involvement with the NICHE program nor any association with it.

10. Plaintiff owns all right, title, and interest in and to the copyright in the original text in NICHE Unit 7H: QR Assessment Plan/Instrument (the "Copyrighted Text"). A copy of the Copyrighted Text is attached hereto as Exhibit 1. The Copyrighted Text is the subject of a United States Copyright Registration No. TX0008963226, dated April 15, 2021. A copy of this copyright registration is attached hereto as Exhibit 2.

11. Upon information and belief, at all relevant times, Defendant was aware of the NICHE program and, in particular, was familiar with Plaintiff's Copyrighted Text. At all relevant times, Defendant knew that Defendant was not the author of Plaintiff's Copyrighted Text.

12. On or about February 17, 2019, Defendant was a speaker at the Community College Conference on Learning Assessment, held at Valencia College in Orlando, Florida ("the CCCLA Presentation"). Upon information and belief, the conference was attended by over 200 educators interested in the area of learning assessment.

13. As part of her CCCLA Presentation, Defendant displayed a slide show bearing only her name as an author. Her slides duplicated verbatim large parts of Plaintiff's Copyrighted Text, for which Defendant was not an author. The slideshow was also posted on a CCCLA

website for conference attendees. Nowhere in the slideshow did Defendant credit Plaintiff or any other author of the material Defendant falsely presented as her own.

14. Upon information and belief, before a presentation was approved, the CCCLA required that presenters sign an "Intellectual Property License" with Valencia College, acknowledging the need to obtain written consent for use of copyrighted materials and warranting that their presentation did not violate any one's copyright. Upon information and belief, Defendant signed the Intellectual Property License, acknowledging the need or consent for use of another's copyrighted material and falsely claiming that her CCCLA Presentation did not violate Plaintiff's copyright in the Copyrighted Text.

15. Upon information and belief, the CCCLA Presentation bearing Defendant's name as the author of its text was posted on a password-protected CCCLA website, accessible by all conference guests for downloading and viewing, including those who did not attend the in-person presentation.

16. Defendant did not have authorization from Plaintiff to use her Copyrighted Text in the CCCLA Presentation, nor to represent that the Copyright Text was Defendant's sole creation.

17. At the time of the CCCLA presentation, Plaintiff was unaware that the Defendant's CCCLA presentation copied large parts of the Copyrighted Text. Only months later, in August 2019, did Plaintiff become aware of Defendant's inclusion of the Copyrighted Text in the CCCLA Presentation.

18. Since about August 2019, Plaintiff has attempted to resolve her dispute with Defendant over Defendant's infringement on multiple occasions without resorting to litigation. Plaintiff has requested confirmation that Defendant will not infringe Plaintiff's copyright in the

Copyrighted Text again. However, Defendant has refused to confirm that she will cease using the Copyrighted Text without permission and promise not to infringe Plaintiff's rights in the Copyrighted Text.

## COUNT I
## (17 U.S.C. § 501 - Copyright Infringement)

19. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1–18, inclusive.

20. In violation of 17 U.S.C. §501, Defendant infringed the copyright in the Copyrighted Text by placing text in the slideshow displayed at the CCCLA Presentation (the "Infringing Text") that is derived and copied from the Copyrighted Text without Plaintiff's authorization. A copy of the Infringing Text is attached hereto as Exhibit 3.

21. The Infringing Text is derived and copied from and, in places, word-for-word identical to the Copyrighted Text. A sampling of exemplary excerpts of the Infringing Text and Copyrighted Text are shown side-by-side in Exhibit 4.

22. The Infringing Text is substantially similar to the Copyrighted Text.

23. Upon information and belief, Defendant, knowing that the Infringing Text was derived and copied from the Copyrighted Text without authorization, made the decision to place the Infringing Text in the slideshow used at the CCCLA Presentation and falsely represent herself as the author of the Infringing Text.

24. Plaintiff has been damaged by Defendant's infringing conduct in an amount to be determined at trial.

25. Upon information and belief, unless enjoined, Defendant will continue her infringing acts, thereby causing additional irreparable injury to Plaintiff for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for this Court to grant the following relief:

A. Entry of a judgment against Defendant, finding that Defendant has infringed Plaintiff's rights in the federally registered copyright for the Copyrighted Text under 17 U.S.C. § 101 *et seq.*;

B. Injunctive relief restraining Defendant from copying, making derivative works, reproducing, duplicating, disseminating, distributing copies of, publicly performing, or displaying text copied or derived from Plaintiff's Copyrighted Text;

C. An award of damages suffered by Plaintiff due to Defendant's infringement, pursuant to 17 U.S.C. § 504 or as otherwise allowed by law;

D. An award of Plaintiff's costs incurred in this Action; and

E. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: February 9, 2022

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *s/ Janet B. Linn*
Janet B. Linn
Sandra A. Hudak
1350 Broadway
New York, NY 10018
Tel.:   (212) 216-8000
Fax:   (212) 216-8001
E-mail: jlinn@tarterkrinsky.com
         shudak@tarterkrinsky.com

*Attorneys for Plaintiff Esther Wilder*