Wilder v. Hoiland                                                                                              1:22 CIV 01254 PKC

11. Deny. Admit that Dr. Hoiland was aware of the NICHE Program and did not write the material at issue.

12. Not sufficient information to admit or deny. Dr. Hoiland does not know how many attendees were at the conference but in the session at issue in which she spoke, there were 12-15 attendees.

13. Deny. Dr. Hoiland was one (along with Dr. Wilder) of two Principal Investigators ("PIs") on the Numeracy Infusion for College Educators Project (the "NICE Project"), a faculty development program funded by a grant from the National Science Foundation ("NSF") and designed to help educators at community colleges expand and improve their use of quantitative reasoning and quantitative literacy instructional materials in their courses. As part of the NICE Project, and as reflected in the proposal that preceded the NSF grant, Dr. Hoiland (and Dr. Wilder) were expected/required, among other tasks, to actively promote the NICE Project at certain community colleges, "present at professional conferences," and "participate in a variety of dissemination activities." The written materials that supported the NICE Project (the "NICE Materials") were created prior to Dr. Hoiland's involvement on the NICE Project; she did not write them and has never purported to have done so. The NICE Materials, which Dr. Wilder contributed to, consist of eight substantial units.

Consistent with her obligations as a PI on the NICE Project, on February 17, 2019, Dr. Hoiland gave a presentation at the Community College Learning Assessment Conference (the "CCLA Presentation"). As part of that presentation, Dr. Hoiland displayed slides from a PowerPoint presentation that identified her as the speaker at a session titled: "Assessing Numeracy in a Faculty Development Program." The slides were provided as visual aids to support the verbal presentation, and three of the twenty-three slides contained a small portion of one of the eight units of the NICE Materials. The slides contained hyperlinks to the website at which the materials for the NICE Project could be accessed. Throughout her presentation, Dr. Hoiland repeatedly referenced and spoke about Dr. Wilder's work on the NICHE and NICE Projects.

14. Deny. Dr. Hoiland admits that she signed a document indicating that her presentation would not and did not violate any third-party's intellectual property rights. Dr. Hoiland's presentation did not violate Dr. Wilder's rights because Dr. Hoiland was authorized to use the NICE Materials, including the portions at issue. Dr. Wilder provided the NICE Materials for use in connection with the NICE Project. Dr. Hoiland was one of the two PIs leading the NICE Project. As a PI, Dr. Hoiland was expected/required to present at professional conferences and otherwise disseminate the NICE Materials and the faculty development principles underlying the NICE Project. The CCLA Presentation fit squarely into Dr. Hoiland's work as a PI on the NICE Project and she used NSF funding to travel to CCLA; Dr. Hoiland was authorized to use the NICE Materials as part of her presentation, which she discussed with Dr. Wilder and invited her to attend and participate in. (Dr. Wilder declined to participate for personal reasons but expressed pleasure that Dr. Hoiland would be presenting at the conference.)

Wilder v. Hoiland                                                                                                1:22 CIV 01254 PKC

15. Deny. Dr. Hoiland does not have sufficient information to admit or deny the manner in which the slides were or may have been posted on a password-protected CCLA website.

16. Deny; see Response to Paragraph 14. Dr. Hoiland did not represent that she wrote the NICE Materials at issue, much less that they were her "sole creation."

17. Deny. Dr. Hoiland does not have sufficient information to admit or deny the allegation as to when Plaintiff first saw the slides at issue.

18. Deny. For nearly three years, Dr. Wilder has pursued baseless allegations of plagiarism against Dr. Hoiland, including a formal complaint submitted to Hostos Community College Attorney and Research Integrity Officer, which was rejected. Dr. Hoiland has attempted to resolve this dispute through a variety of means, which Dr. Wilder has either refused to participate in or were otherwise unsuccessful. Although Dr. Hoiland is and was authorized to use the NICE Materials, she no longer needs to do so, and in an effort to resolve this dispute, she has on several occasions informed Dr. Wilder that she does not intend to and will not use the NICE Materials again. For reasons that Dr. Hoiland believes to be malicious, Dr. Wilder has refused to resolve this dispute and has instead proceeded with baseless litigation.

19. Dr. Hoiland repeats and incorporates by reference her responses to paragraphs 1-18 above.

20. Deny Plaintiff's characterizations. Dr. Hoiland admits that the slides at issue contain text taken directly from the NICE Materials, which she was authorized to use. Dr. Hoiland denies that the text at issue is sufficiently original to warrant copyright protection and lacks sufficient information to admit or deny whether Plaintiff is the owner of the text at issue.

21. Deny. See Response to paragraph 20.

22. Deny. See Response to paragraph 20.

23. Deny.

24. Deny.

25. Deny.

Wilder v. Hoiland                                                                                                    1:22 CIV 01254 PKC

## II.
## DEFENSES

**FIRST DEFENSE: Ownership of a Valid Copyright.**

Upon information and belief, Plaintiff cannot establish that she created or is otherwise the owner of the portions of the NICE Materials at issue, or that such materials are sufficiently original to warrant copyright protection.

**SECOND DEFENSE: Implied License.**

The copyright claim is barred because Plaintiff granted Dr. Hoiland an implied license to use the NICE Materials for many purposes, specifically including professional presentations at community college conferences. Plaintiff provided the NICE Materials for use in connection with the NSF-funded NICE Project, and Dr. Hoiland was one of the two Principal Investigators on the NICE Project. Dr. Hoiland used the NICE Materials in conjunction with the CCLA Presentation, which was directly related to the NICE Project. Under the Copyright Act, Dr. Hoiland possessed a non-exclusive license to use the NICE Materials in the CCLA Presentation, thereby barring Plaintiff's claim of copyright infringement.

**THIRD DEFENSE: Fair Use.**

Plaintiff's copyright infringement claim is barred by Dr. Hoiland's fair use of the NICE Materials at issue.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that the Court enter judgment dismissing the Complaint with prejudice, award Defendant costs under Section 505 of the Copyright Act, and award such other and further relief as is just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 10th day of April, 2022.

79 Hamilton Place, #10
New York, NY 10031

Prepared with the assistance of counsel admitted in the Southern District of New York.