

Davis+Gilbert LLP
1675 Broadway
New York, NY 10019
212 468 4800
dglaw.com

Direct Dial: 212.468.4853
Email: gcohen@dglaw.com

**Via ECF**  April 19, 2023
Honorable P. Kevin Castel
U.S. District Court Southern District of New York
Courtroom 11D
500 Pearl St.
New York, NY 10007-1312

                **Re: Wilder v. Hoiland,
                    Case No. 1:22-cv-01254-PKC**

Dear Judge Castel,

      This firm represents defendant Sarah Hoiland. We filed last night Dr. Hoiland's summary judgment motion and her opposition to Plaintiff Esther Wilder's summary judgment motion. We write to apprise the Court of an issue that has arisen regarding confidential documents.

      Under the Stipulated Confidentiality Order in this action, a party seeking to file an opposing party's Confidential Information is required to advise the opposing party fourteen days in advance so that that party may, if appropriate, make an application to have the information filed under seal. Plaintiff designated as CONFIDENTIAL virtually every document she produced. As a result of the summary-judgment briefing schedule (Plaintiff filed her motion on March 28), we had not settled on the documents we intended to file until late last week, and then, as a result of an internal miscommunication, we did not send Plaintiff the list of "confidential" documents we planned to file until this Monday. Our list included twelve documents.

      On Monday, Plaintiff's counsel told us that five of the twelve referenced documents could be publicly filed, and that she would get back to us on the remaining seven following discussions with Dr. Wilder. We do not believe there is a legitimate basis to file these documents under seal. Four of the seven contain communications between Plaintiff and various CUNY faculty members, including Research Integrity Officers, regarding Dr. Wilder's allegations and formal complaint of professional misconduct against Dr. Hoiland. Two of the seven are email communications between Dr. Wilder and Dr. Hoiland about Dr. Wilder's allegations and Dr. Hoiland's responses. And the seventh document is a 2016 email chain involving Dr. Wilder, Dr. Hoiland and a third CUNY faculty member, Dr. Kate Wolfe, concerning (a) a scholarly article Dr. Hoiland and Dr. Wolfe had written and (b) Dr. Wilder's initial inquiry about the research project that ultimately led to this litigation. We intend to file these documents in their entirety, and we see nothing in them that is confidential as to Dr. Wilder.





Page 2

Plaintiff's counsel has not told us whether she intends to make an application to seal the remaining documents. Instead, counsel informed us yesterday that we did not properly follow the procedure and provide her with the required amount of advance notice under the Confidentiality Order, and she stated further that we "will need to explain to the Court why [we] did not follow the procedure as the reason Plaintiff has not yet responded." We have explained what happened above and apologize to the Court that the confidentiality issue has not yet been resolved.

To avoid publicly filing any documents that Plaintiff may seek to seal, we did not file yesterday the seven documents at issue; instead, we inserted a placeholder sheet stating that the documents had been temporarily withheld pending Plaintiff's potential application. We also sent Plaintiff by email the complete and unredacted motion papers, and we will send the Court complete and unredacted courtesy copies as required the Court's rules.

We will promptly re-file the complete documents (to the extent appropriate) upon receipt of: (a) confirmation that Plaintiff does not intend to file an application to seal; (b) an order of the Court resolving any application to seal that Plaintiff may file; and/or (c) any additional orders or instructions from the Court. We apologize once again for the inconvenience this has caused.

    Respectfully submitted,

    */s/ Guy Cohen*

    Guy Cohen

cc:    Sandra A. Hudak, Esq., Janet B. Linn, Esq. (counsel for Plaintiff) (by ECF)