

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

Janet B. Linn
212-216-8067
jlinn@tarterkrinsky.com

April 25, 2023

**The proposed redaction to Exhibit 5 and Exhibit 11 Hoiland are approved. SO ORDERED.
Dated:  4/27/2023**

*P. Kevin Castel*
*United States District Judge*

<u>Via ECF</u>

The Honorable P. Kevin Castel, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:   *Esther Wilder v. Sarah Hoiland*, Case No. 1:22-cv-01254-PKC
      <u>Request to Seal Portions of Exhibits Referenced by Defendant in Its Summary Judgment Briefing</u>

Dear Judge Castel:

Pursuant to the Court's Order of April 20, 2023 (ECF No. 49) and 5(B) of the Court's Individual Practice Rules, Plaintiff Esther Wilder submits this letter motion to file under seal, in whole or in part, certain exhibits referenced in the opposition of Defendant Sarah Hoiland to Plaintiff's Motion for Summary Judgment of copyright infringement and in support of Defendant's cross Motion for Summary Judgment on her two affirmative defenses of implied consent and fair use.  As discussed below, Plaintiff seeks very limited redactions to two exhibits that contain confidential and irrelevant personal information about third parties, and to file under seal four documents that relate to the confidential process governing the disposition of a complaint for research misconduct at the City University of New York ("CUNY").  Plaintiff respectfully submits that the narrowly targeted redactions and sealing of the documents are warranted by the sensitive nature of the information and the lack of relevance of the information to issues to be decided on the parties' motions for summary judgment.

This is a straightforward action for copyright infringement of Plaintiff's work by Defendant, both academics at CUNY institutions. Accordingly, the issues to be decided on the parties' respective summary judgment motions are limited: the copying of the copyrighted material, and whether Defendant's reproduction without Plaintiff's permission and without affording Plaintiff authorship credit was done under an implied license or constituted fair use.

While there is a presumption of access under the common law and the First Amendment to judicial documents submitted by a party in connection with the support or opposition of a motion for summary judgment, the weight given the presumption depends on the "role of the material at issue in the exercise of Article III jurisdiction and power and the resultant value of

The Honorable P. Kevin Castel, U.S.D.J.
April 25, 2023
Page 2

such information to those monitoring the federal courts." *Lugosch v. Pyramid Co. of Onandago*, 435 F.3d 110, 119 (2d Cir. 2006); *Mullinix v. Mount Sinai School of Medicine*, No. 12-cv-8659 (PKC), 2014 WL 3687217, at *20 (S.D.N.Y. July 24, 2014). Documents may be kept under seal if "countervailing factors", "including the privacy interests of those resisting disclosure", outweigh the presumption. *Lugosch*, 435 F.3d at 120; *Mullinix*, 2014 WL 3687217, at *20.

Exhibit 5 to the Declaration of Sarah Hoiland[1] (P445-451) and Exhibit 11 to the Hoiland Declaration (P453-457) consist of emails between Plaintiff and Defendant after Plaintiff learned of the copying of her text. The only excerpts that Plaintiff seeks to redact from Exhibits 5 and 11 to the Hoiland Declaration are the names, discussions and evaluations of the progress of third party faculty enrollees in the program under the National Science Foundation grant conducted by Plaintiff and Defendant, and a discussion of Defendant's comments about a colleague.

Courts have found privacy concerns of non-parties weigh heavily in balancing the interests in a decision whether to seal documents. *See LeClair v. Raymond*, No. 1:19-CV-0028 (BKS/DJS), 2021 WL 2682286, at *25 (N.D.N.Y. June 30, 2021) (ordering the sealing of documents containing email addresses and phone numbers); *Phalon v. Avantor Inc.*, No. 3:19-CV-00852 (JCH), 2021 WL 4477404, at *8 (D. Conn. Sept. 30, 2021) (addresses and phone numbers of non-parties should be sealed); *Anderson v. N.YC. Health & Hosps. Corp.*, No. 16-CV-1051 (GBD) (KHP), 2020 WL 1047054, at * 3 (S.D.N.Y. Mar. 4, 2020) (allowing redactions of personal contact information). Further, this information is wholly irrelevant to the merits of Plaintiff's and Defendant's summary judgment motions. None of the limited information that Plaintiff seeks to redact concerning third parties is discussed in Defendant's motion papers.

The other four exhibits, Exhibits 2 (P588-593), 4 (P572-576), 5 (P595) and 6 (P596) to the Declaration of Guy Cohen,[2] similarly raise privacy and confidentiality concerns that outweigh any presumption of access. Each of these documents relate to Plaintiff's involvement in the confidential internal process at CUNY regarding the investigation of complaints about members of the CUNY community. (*See* the Declaration of Professor Esther Wilder, submitted herewith, explaining the confidential nature of these proceedings under CUNY's Research Misconduct Policy.) Describing the confidential nature of the process, CUNY's Policy cautions that "[i] order to protect the privacy and professional reputation of those involved" the proceedings will be "conducted in a fashion designed to maintain confidentiality." The proceedings "will be limited, to the extent possible, to those who need to know." Disclosure of the records and evidence is to be limited to those with a need to know the information to carry out the proceedings, and those individuals "must keep such knowledge and information

---

[1] Defendant filed the Declaration of Sarah Hoiland twice, as ECF Nos. 41 and 46, and filed placeholders for Exhibits 2, 5 and 11. Highlighted copies of Exhibits 5 and 11 are submitted herewith indicating Plaintiff's proposed redactions. Plaintiff does not seek to redact any information from Exhibit 2 to the Declaration of Sarah Hoiland and does not object to that Exhibit being filed publicly in its entirety.

[2] Defendant filed the Declaration of Guy Cohen twice, as ECF Nos. 40 and 45, and filed placeholders for Exhibits 2, 4, 5 and 6. Copies of these documents are submitted herewith and Plaintiff requests that they be maintained under seal in their entirety.

The Honorable P. Kevin Castel, U.S.D.J.
April 25, 2023
Page 3

confidential". At the end of the proceedings, all records are to be treated as confidential. Confidentiality is important to the complainant as well as to the respondent to avoid retaliation against the complainant. *See* Wilder Declaration.

Plaintiff has a strong privacy interest in keeping these documents, relating to a confidential inquiry, investigation and report, confidential and under seal. Public disclosure of information obtained as part of a confidential investigation could chill complainants from initiating the process and being completely forthcoming. Plaintiff also has a legitimate concern about Defendant sharing this information if it is disclosed to the public.[3] *See Jorjani v. New Jersey Institute of Technology*, No. CV 18-11693 (WJM), 2022 WL 1811304, at *6 (D.N.J. June 2, 2022) (finding legitimate public and private concerns in maintaining the confidentiality of the investigatory process, including chilling future participation by witnesses and complainants and the sharing of information, the Court granted Defendants' motion to seal the investigatory report).

Review of Defendant's pleadings further demonstrates the tangential nature of these documents to the merits of Defendant's defense to copyright infringement. Virtually all of the discussions and quotations from these four documents only appear in the section entitled "The Bad Faith Campaign" of Defendant's Memorandum of Law in Support of Her Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment (ECF Nos. 34 & 43 at 11–14.)[4] Plaintiff's supposed motive in raising allegations of copyright infringement, wrongly imputed to a "vendetta" by Plaintiff rather than a good faith concern about Defendant's following proper academic standards, is irrelevant to whether Defendant's copying was done with implied consent or constituted fair use. Nor do the actions of CUNY's personnel, wrongly cited as an "exoneration", bear upon the legal issues in a copyright infringement action in federal court.

Plaintiff respectfully submits that the diminished presumption of access to confidential information that does not go to the heart of the judicial process is outweighed by the privacy interest in the limited information about third parties and documents concerning a highly confidential investigation. *See Mullinix*, 2014 WL 3687217 at *21 (Where the information was "not central to the Court's rulings", "[t]he presumption of access [was] overcome as to the narrowly-tailored confidential information at issue, and the sealing request was granted).

---

[3] Despite the admonition against sharing this information set forth in the Policy, Defendant has told third parties about Plaintiff's bringing these proceedings and has mischaracterized the results, and this has possibly led to retaliation against Plaintiff. "A court may exercise its 'supervisory power over its own records and files' to deny public access 'where court files might have become a vehicle for improper purposes.'" *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citations omitted).

[4] Defendant failed to redact the discussion of the procedures and outcome of the confidential investigation at the bottom of page 13 and the top of page 14 in Defendant's Memorandum of Law. (ECF Nos. 34 & 43.)

The Honorable P. Kevin Castel, U.S.D.J.
April 25, 2023
Page 4

      Plaintiff therefore respectfully requests that her motion to redact Exhibits 5 and 11 to the Hoiland Declaration as shown in Plaintiff's proposed highlighting, and to seal in their entirety Exhibits 2, 4, 5 and 6 to the Cohen Declaration in their entirety, be granted.

      Respectfully submitted,

*/s/ Janet B. Linn*
Janet B. Linn
Sandra A. Hudak
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018

***Counsel for Plaintiff***

cc:  Counsel of Record via ECF