

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Janet B. Linn**
**212-216-8067**
**jlinn@tarterkrinsky.com**

May 1, 2023

**<u>Via ECF</u>**

The Honorable P. Kevin Castel, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

   Re:  *Esther Wilder v. Sarah Hoiland*, Case No. 1:22-cv-01254-PKC

Dear Judge Castel:

   As counsel to Plaintiff Esther Wilder, we write to seek clarification of the scope of the Court's Order of April 27, 2023 (ECF No. 60,) granting Plaintiff's letter motion (ECF No. 50) to seal confidential documents referenced in Defendant's summary judgment pleadings. Specifically, Plaintiff seeks to clarify whether the Court's Order granted Plaintiff's request to seal in their entirety Exhibits 2, 4, 5 and 6 to the Declaration of Guy Cohen (ECF Nos. 54, 55, 56 & 57).[1]

   If the Court has not yet ruled on the sealing of the four exhibits, Plaintiff submits this brief reply to correct misimpressions in Defendant's letter in opposition to Plaintiff's motion (ECF No. 61) about the relevance and confidentiality of the documents.

   In her declaration in support of the motion (ECF No. 62), Plaintiff detailed the confidential nature of proceedings under CUNY's Research Misconduct Policy. Plaintiff's concerns about complying with the confidential policy are to protect not just her own privacy, but also that of third parties involved in the proceedings and discussed in the documents. The Policy specifically states that "All individuals having knowledge of the identity of the Respondents and the Complainants and access to information in any reports or drafts thereof prepared in connection with a Research Misconduct Proceeding *must keep such knowledge and information confidential"*. Exhibit A to Declaration of Esther Wilder (ECF No. 62), p.3, Sec. 4 (Emphasis added).[2]

---

[1] On Friday, April 28th , Plaintiff's counsel learned that Defendant has chosen to proceed as if the Court denied Plaintiff's motion to seal those exhibits. Acting on that interpretation, Defendant's counsel advised Plaintiff's counsel in an email at the end of the day on Friday that Defendant intended to publicly file today the four exhibits at issue and to refile her summary judgment papers removing the redactions referencing those documents.

[2] Plaintiff also refers the Court to the language about confidentiality in Exhibit 6 to the Declaration of Guy Cohen (ECF No. 57).

The Honorable P. Kevin Castel, U.S.D.J.
May 1, 2023
Page 2

Ignoring that the strictly confidential status of the Research Misconduct Inquiry is meant to protect complainants and witnesses as well as respondents, Defendant responds that *she* is not concerned about the confidentiality of the proceedings. That is clear. Defendant has already breached her confidentiality obligations, disclosing certain information about the proceedings in violation of the CUNY Policy to third parties outside the University and to the public throughout her pleadings.[3]

To justify her disregard of the confidentiality strictures of the CUNY Policy, Defendant argues breaching confidentiality is important to (a) demonstrate Plaintiff's lack of credibility and (b) evidence Defendant's concocted narrative about Plaintiff's "bad faith" in pursuing her copyright infringement. But Defendant's rationales instead demonstrate the lack of relevance of these documents to the issues in the summary judgment motions and why the documents should remain under seal.

Because Plaintiff's complaint under the Research Misconduct Policy did not charge Defendant with copyright infringement, Defendant claims Plaintiff implicitly acknowledged her consent to Defendant's copying.[4]  The simple answer to this supposed inconsistency is found in CUNY's Policy. Under the Research Misconduct Policy, a "research misconduct" claim is defined as one for "Fabrication, Falsification or Plagiarism". See Exhibit A to Declaration of Esther Wilder (ECF No. 62), p. 13, Sec. 1217.  That is why Plaintiff's Research Misconduct complaint was for "Fabrication, Falsification or Plagiarism" rather than copyright infringement.

Similarly, Defendant's conjured claims that Plaintiff' is pursuing her infringement action in "bad faith" does not support violating the privacy concerns underlying CUNY's confidentiality policy. Defendant does not, and cannot, explain how Plaintiff's purported "bad faith" bears on the affirmative defenses of implied consent and fair use. The bad faith narrative is both false and irrelevant.

Defendant does not dispute that she has published certain information from the confidential inquiry to third parties in furtherance of her attacks on Plaintiff.  Further exposing Plaintiff's confidential communications would only risk subjecting Plaintiff (and other third parties mentioned in the documents) to additional retaliation and discourage CUNY employees from initiating complaints when they discover research misconduct by their colleagues. Plaintiff therefore respectfully requests that the Court clarify the scope of its Order and grant Plaintiff's motion to seal Exhibits 2, 4, 5, and 6 to the Declaration of Guy Cohen (EC F Nos. 54, 55, 56 & 57) in their entirety.

---

[3] Being less than meticulous in her redactions, Defendant has included information about the Inquiry in the unredacted portions of her pleadings. Defendant has failed to redact the procedures and outcome of the confidential Inquiry at the bottom of page 13 and top of page 14 of Defendant's Memorandum of Law, (ECF Nos. 34 & 43), and at the referenced section of the Declaration of Sarah Hoiland, Sec. 189 (ECF Nos. 41 & 46), page 41, and Statement of Facts 134 to 136 of Defendant's Rule 56.1 Statement of Material Facts. (ECF No. 44), page 21. Defendant continues to publicly disclose information from these documents in her Counsel's letter opposing Plaintiff's motion to seal. (ECF No. 61).

[4] In fact, there is nothing in these communications suggesting Plaintiff authorized Defendant's use of Plaintiff's copyrighted text.

The Honorable P. Kevin Castel, U.S.D.J.
May 1, 2023
Page 3

Respectfully submitted,

*s/ Janet B. Linn*
Janet B. Linn
Sandra A. Hudak
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018

***Counsel for Plaintiff***

cc:   All Counsel of Record via ECF