# EXHIBIT 23

# FILED UNDER SEAL

20 July 2020

Dear CUNY Vice Provost for Research, President Gómez, and Dr. Rodríguez,

First and foremost, I want to thank Hostos' Research Integrity Officer, Dr. Yoel Rodríguez, for his herculean efforts to conduct a fair and detailed Inquiry.

Second, I am grateful to have a formal process through which to resolve this conflict once and for all. I sought guidance in August 2019 through the American Sociological Association's (ASA's) Committee on Professional Ethics (COPE) with respect to Dr. Wilder's emailed allegation of plagiarism and what I described as a very challenging working relationship with a senior faculty member. The Executive Director of ASA recommended confidential mediation and reached out to Dr. Wilder in October 2019. In November 2019 Dr. Wilder declined to participate. When I was contacted by Hostos' RIO, then-Dean Felix Cardona, later that month, I participated fully in what was described to me as a confidential mediation process led by Research Foundation Director John Tsapagos. My in-person meeting in January 2020 focused on looking ahead at the NSF Final Report, data sharing, and publications. Director John Taspogas noted that I took all steps to remedy any issues raised regarding the Community Conference Learning Assessment (CCLA) presentation by requesting (by email and phone in August 2019) to add Dr. Wilder and Dr. Rodríguez as co-presenters. He also noted that I apologized to Dr. Wilder in writing. I was unaware of this complaint until June 23, 2020 as Dr. Rodríguez stated in the Inquiry.

Pursuant to the City University of New York Policy Regarding the Disposition of Allegations of Research Misconduct, Section 6.6, I would like to make some comments.

I am in agreement with Dr. Yoel Rodríguez that the issues raised in this Inquiry are ones of authorship and communication not plagiarism. Authorship requires participation in the creation of a product and/or knowledge of the product's content. I did not co-create the CCLA PowerPoint with either Dr. Wilder nor with Dr. Crystal Rodríguez. I asked Dr. Wilder to be a co-presenter and she declined (via email) and encouraged me to present at CCLA. In 2019, when I asked Dr. Wilder what I could do to rectify the situation and she said to add her name as a co-presenter, I reached out the conference organizer of CCLA via email and phone and made that request. Outlined is the pattern of our working relationship with respect to conference presentations:

- In 2017, we co-presented at Mathematics Association of American (MAA) and the National Numeracy Network (NNN).
- In 2018, we presented separately at NNN and ASA and attended each others' presentations (neither listed the other as co-presenter at either conference). I was also listed as a co-presenter, along with a NICHE co-PI, at the University of

collaborative presentations, and participated in dozens of professional conferences and other platforms. In my 11 years working in academia, the institutional and disciplinary norms acknowledged verbal attributions as sufficient for conference presentations even where the non-presenting party's contribution is quite significant (i.e. co-author of a book, who in many cases is *not listed* as a presenter or panelist).

With respect to the recommendations: the results of this Inquiry have 1) established that the matter in question is "more of an authorship dispute than of plagiarism" and noted Drs. Wilder and Rodríguez were added as co-authors, and 2) confirmed that verbal attribution is acceptable both within CUNY and ASA. As such, I ask that the completed Letter of Understanding reflect these conclusions and be signed by both parties. I also request the letter underscore the importance of formal communication with respect to collaborative projects and mentorship. I am an active scholar who takes research integrity seriously. In addition to editing for peer-reviewed journals and reviewing NSP proposals, I am the current PI on three active grants and one fellowship. The Hostos' Grants Office monitors my CITI trainings and my credentials are up to date.

Over the increasingly lengthy process of seeking resolution to this matter, I have experienced several instances of retaliation from Dr. Wilder (i.e. adding Dr. Crystal Rodríguez as a co-author without my knowledge, not acknowledging me as her co-PI in her PowerPoint nor verbally at the ASA workshop in 2019, removing me as a co-author, and filing this formal complaint two weeks before my promotion after declining two prior mediation efforts). As such, I request a Letter of Understanding that Dr. Esther Wilder and I both sign that outlines the following:

1. There is no evidence of plagiarism in my 2019 CCLA presentation and/or presentation materials;
2. Authorship issues with respect to the 2019 CCLA presentation have been resolved and are sufficient;
3. This Inquiry process is final with respect to allegations of plagiarism and authorship from CCLA;
4. Both Complainant and Respondent will review best practices for collaboration and mentoring and submit written acknowledgement of that review to Dr. Yoel Rodríguez;
5. Both parties understand that a project-related publication is vital to be competitive for any NSF funding. Dr. Hoiland will undergo additional safeguards with respect to publication by consulting with Hostos' RIO, and if necessary, Hostos' RIO can consult with Lehman's RIO.

Sincerely,

Sarah L. Hoiland