UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ESTHER WILDER

       Plaintiff,         22-cv-1254 (PKC)

  -against-               ORDER


SARAH HOILAND,

       Defendant.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

    Esther Wilder, a faculty member at Lehman College of the City University of New York ("CUNY") has accused Sarah Hoiland, a faculty member of Hostos Community College of CUNY of copyright infringement in connection with a "slide show" presented by Hoiland at the "Community College Conference on Learning Assessment," held at Valencia College in Orlando, Florida in 2019.

    Wilder seeks to seal or redact certain exhibits to Hoiland's declaration and the declaration of Hoiland's attorney Guy Cohen, filed in support of defendant's summary judgment motion and in opposition to plaintiff's summary judgment motion. Principally, the materials relate to an "inquiry" or preliminary investigation by a CUNY "Research Integrity Officer" who concluded that no further investigation was warranted but recommended that Hoiland sign a "Letter of Understanding," which recommendation she declined.

    An unusual feature of the applications is that the party who pursued the internal investigative process, Wilder, seeks to seal or redact materials relating to that process. Hoiland, the subject of the disciplinary inquiry, opposes the sealing and redaction requests.

1

DISCUSSION

    A.    <u>Applicable Law</u>

A three-step analysis governs whether a filing may be submitted under seal or with redactions. First, a court determines whether the filing is a "judicial document;" second, it determines the weight of the presumption of access afforded to the document; and third, the court identifies and weighs factors "that legitimately counsel" against public access. Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020). Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access. Id.

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")). "[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Id. at 121. Summary judgment filings should not remain under seal "absent the most compelling reason" or "absent exceptional circumstances" because the act of formal adjudication should be subject to public scrutiny. Id. (quotation marks omitted).

The right of public access to a judicial document arises both from the First Amendment and common law. Lugosch, 435 F.3d at 119-20. In determining the First Amendment right to access, courts consider whether the documents have historically been open to the press and public and whether public access plays a significant and positive role in the judicial process. Bernstein, 814 F.3d at 141. The common law presumption of access is based

on the general right of the public to inspect and copy judicial records and other documents, and predates the United States Constitution. Id. at 142.

"Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." Newsday LLC v. Cnty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013). The right to access is not absolute, however, and the weight afforded to the presumption may vary, depending on the document's role in the judicial process. Lugosch, 435 F.3d at 121. When documents directly affect an adjudication or are used to determine the litigants' substantive legal rights, "the presumption of access is at its zenith" and can only be overcome by "extraordinary circumstances." Bernstein, 814 F.3d at 142. "It is not, and should not be, an easy matter to deny the public access to documents that are utilized in judicial proceedings and form part of the basis of judicial decision-making, since the public is ordinarily entitled to review such material in order to understand and evaluate the actions of the courts." Newsday, 730 F.3d at 167 n.15. When there is a strong presumption of access, as is the case here, "'continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (quoting Lugosch, 435 F.3d at 124).

Redaction may be appropriate to protect confidential information. United States v. Amodeo, 71 F.3d 1044, 1047-48 (2d Cir. 1995) ("Amodeo II"). Courts must consider the "nature and degree of the injury" if information is publicly disclosed. Mirlis, 952 F.3d at 61. Information should not be redacted merely because it might harm a party's public reputation. Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thai.), No. 09 Civ. 995 (BSJ),

2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (Jones, J.). The privacy interests of innocent third parties also "should weigh heavily in a court's balancing equation." S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001) (quotation marks omitted).

    B.    <u>Application</u>

The materials which the parties seek to seal were submitted in connection with cross summary judgment motions. As such, they are all judicial documents afforded a high presumption of public access. Lugosch, 435 F.3d at 121.

In her motion for summary judgment, Wilder raised the internal CUNY process she pursued against Hoiland. (ECF 34 at 20-25; 36 at ¶ 99.) Wilder annexes CUNY's Academic Integrity Policy as an exhibit to her summary judgment motion, as well as emails with a non-party CUNY faculty member. (ECF 36-11, 36-13, 36-14.) Wilder cites academic and professional norms in her declaration in support of summary judgment. (ECF 36 at 88-93.) In her opposition to Wilder's motion, Hoiland asserts that she has been exonerated ("[i]nvestigation not warranted") by the very internal process that Wilder invoked and now cites to the Court. (ECF 43 at 24 of 29.) Wilder counters that the Research Integrity Officer who conducted an "inquiry" but concluded that an investigation is not warranted further recommended that Hoiland sign a "Letter of Understanding" but she declined. (ECF 67 at ¶¶ 49-50). The salient point for present purposes is that both sides have relied upon the internal CUNY process in their submissions.

On balance, the Court concludes that the presumption of public access to the documents is strong as applied to the materials at issue and outweighs the legitimate interest in the confidentiality in an internal CUNY faculty process. Further, there is no discernable harm to non-parties who are mentioned in the submissions, except that the Court will allow the

4

redactions to Exhibits 5 and 11 to the Hoiland declaration to exclude stray and irrelevant mentions of non-parties.[1]

The applications to seal or redact Exhibits 2, 4, 5, 6 to the Cohen Declaration, Wilder's Local Rule 56.1 counter statement, Wilder's declaration of May 9, 2023, Wilder's Reply in support of summary judgment are DENIED and GRANTED as to the redactions to Exhibits 5 and 11 to the Hoiland declaration. The parties shall file unredacted versions of their memoranda consistent with the foregoing rulings within 14 days.

The Clerk shall unseal ECF 54-57, 65, 67, 70-72 and terminate the letter motions. (ECF 50 & 64.)

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 10, 2023

---

[1] Hoiland does not oppose these redactions.