

Davis+Gilbert LLP
1675 Broadway
New York, NY 10019
212 468 4800
dglaw.com

March 20, 2024

**Guy Cohen**
d 212.468.4853
gcohen@dglaw.com

**Via ECF**

Honorable P. Kevin Castel
U.S. District Court for the
Southern District of New York
Courtroom 11D
500 Pearl St.
New York, NY 10007-1312

Re:   *Wilder v. Hoiland*, Case No. 1:22-cv-01254-PKC

Dear Judge Castel:

This firm represents defendant Sarah Hoiland in the above-referenced action. We write to request permission to withdraw Defendant's Motion for Attorneys' Fees and Costs (ECF 91-93) (the "Fees Motion") without prejudice to her filing a revised motion, if appropriate, after the Court resolves plaintiff Esther Wilder's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (ECF 94-95) (the "59(e) Motion").

On February 1, 2024, the Court granted summary judgment on Hoiland's affirmative defense of fair use, and judgment was entered on February 2. (ECF 85-86.) Upon entry of the judgment, Hoiland was entitled to seek an award of attorney's fees as the prevailing party under Section 505 of the Copyright Act. *See* 17 U.S. Code § 505 ("[T]he court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs."); *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (defining a "prevailing party" as a "party in whose favor a judgment is rendered") (citing Black's Law Dictionary 1145 (7th ed. 1999)). Under Fed. R. Civ. P. 54(d)(2)(B)(i), the Fees Motion was originally due by February 16. Hoiland requested and received a two-week extension of the deadline, and she then timely filed the Fees Motion on March 1. (ECF 87-88, 91-93.) Wilder filed her 59(e) Motion that same day. (ECF 94-95.)

As a result of Wilder's filing of the 59(e) Motion, the judgment has lost its finality, and the Fees Motion has, in essence, been rendered premature. The Second Circuit has held that "only a 'final judgment' . . . triggers the 14-day filing period set by Rule 54(d)(2)(B)." *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999). Furthermore, "[t]he timely filing of a postjudgment motion pursuant to [Rule] 59 automatically 'affects the finality of the judgment' . . . because such a motion seeks to alter the judgment or reverse decisions embodied in it." *Id.*; *see, e.g.*, *Watrous v. Borner*, 995 F. Supp. 2d 84, 88 (D. Conn. 2014) ("under *Weyant*, a party's motion for attorney's fees is timely, unless filed outside the fourteen-day window following the court's last ruling on any pending Rule . . . 59 motions"); *Kazazian v. Bartlett & Bartlett LLP*, 03 Civ. 7599 (LAP), 2007



Honorable P. Kevin Castel
March 20, 2024
Page 2

U.S. Dist. LEXIS 94243, at *13 (S.D.N.Y. Dec. 17, 2007) (noting that the "pendency of [a Rule 59(e)] motion, of course, destroyed the finality of the judgment in this case").

In light of the foregoing, Hoiland requests permission to withdraw the Fees Motion without prejudice. Should the Court deny the 59(e) Motion, Hoiland intends to file a revised Fees Motion within 14 days of the Court's determination. Addressing a later-filed Fees Motion (if filed) will increase efficiency as it will encompass all of Hoiland's attorney's fees, including fees incurred in opposing the 59(e) Motion. Addressing a subsequent application will also render moot Wilder's baseless contention in her opposition brief that Hoiland did not give Wilder a "fair estimate" of her attorney's fees.[1]

We thank the Court in advance for its consideration of this request.

Respectfully submitted,

*/s/ Guy Cohen*

Guy Cohen

cc:   All counsel of record (via ECF)

---

[1] In fact, Hoiland plainly complied with the underlying purpose of Rule 54(d)(2)(B)(iii), and Wilder mischaracterizes what occurred. On February 11, I had a lengthy conversation with Wilder's lawyer, Janet Linn, in which I told her that: (a) my firm's attorney's fees reflected in our accounting system exceeded $300,000; (b) upon removing potentially inapplicable entries and reducing certain hourly rates to comport with applicable case law, the fees application will still exceed $200,000; and (c) the lawsuit could be settled by dismissing the lawsuit and paying $100,000 in attorney's fees. I followed up with Ms. Linn several times in hopes of settling the dispute, but Ms. Linn never responded substantively or requested additional information. On February 24, I spoke to Wilder's new lawyer, Matthew Hersh, and conveyed to him, in substance, the same fee information and settlement proposal I had previously conveyed to Ms. Linn. Mr. Hersh told me that he had spoken to Ms. Linn, and her description of our conversation matched mine. Mr. Hersh said that he would contact me on February 26 to respond to Hoiland's settlement demand. He did not do so. Nor did he request additional information. On February 28, Mr. Hersh told me that Wilder intended to oppose the Fees Motion (implying that she did not intend to respond to the settlement demand). Wilder possessed all the information she needed to make a "reasonably informed decision about how to respond" (Wilder Opposition at 2-3 (ECF 98)), and Hoiland complied with the underlying purpose of the statute by providing a fair estimate of fees in separate communications. *See Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 630 (S.D.N.Y. 2016) (discussing *DeShiro v. Branch*, 183 F.R.D. 281 (M.D. Fla. 1998)); *see also Universal Instruments Corp. v. Micro Sys. Eng'g*, No. 3:13-cv-831 (GLS/DEP), 2018 U.S. Dist. LEXIS 19662, at *5 (N.D.N.Y. Feb. 7, 2018) (considering "subsequently-filed fee estimate" in proceeding to reach the merits of the attorneys' fees motion). To the extent it is useful, Hoiland's estimate of her fees as of the date of my communications with Ms. Linn was $237,000.