

5090 N. 40th St., Suite 200 | Phoenix, AZ 85018 | 602-806-2068 | MestazLaw.com

March 20, 2024

**Via ECF**
Honorable P. Kevin Castel
U.S. District Court for the Southern District of New York
Courtroom 11D
500 Pearl St.
New York, NY 10007-1312

      Re: No. 1:22-cv-01254-PKC – Letter motion to withdraw

Honorable Judge Castel:

We write to oppose Defendant Sarah Hoiland's letter motion to withdraw and refile her attorney fees motion. Hoiland's request will just create make-work for the parties and is a transparent attempt to get around her failure to comply with the rules.

Hoiland cites no authority for her request, and for good reason. Nobody disputes that the judgment is now no longer final. And nobody disputes that Hoiland *could* have, if she wished, delayed the filing of her attorney fee motion until 14 days after resolution of the Rule 59(e) motion. But there is no basis in law or logic for the request to withdraw and refile now.

*Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999), lays out the proper procedure. There, a prevailing party filed a timely attorney fee petition. Within 14 days of the resolution of post-judgment motions, he filed a supplemental fee petition to cover fees expended in defending those motions. The district court found the supplemental petition untimely; the court of appeals reversed. It is the rationale of the court of appeals decision that is applicable here. The court acknowledged that the rules often obligate fee applicants to file petitions before they know whether a post-judgment motion will be filed.[1] But the court found that there was a simple solution to this: allow fee applicants to file a supplemental

---

[1] *Id*. at 315 ("It would perhaps be more efficient if a prevailing party were to delay filing any fee application until postjudgment motions under Rules 50(b), 52(b), and 59 have been decided, thereby allowing him to file a single application encompassing all services performed in connection with the district court proceedings. As a practical matter, however, given the time constraints imposed by the various Rules, that will rarely be possible.")

petition for the additional fees once post-judgment motions are resolved.[2] If Hoiland prevails on her attorney fee motion (and on the Rule 59(e) motion), that is what she can and should do.

Hoiland's motion is not only hard to square with precedent—it also increases the burden on the parties for no reason. Wilder has already briefed the attorney fee motion. The substantive arguments for that fee motion will not change between now and the resolution of the post-judgment motions. Wilder's case will look just as reasonable in two months as it does now; her motives will appear just as reasonable in two months as they do now; and her litigation conduct will look just as reasonable in two months as they do now. And the calculation of Hoiland's additional fees—if she prevails on her motion—will just be a matter of addition. What is gained by starting over? Hoiland gives no reason.

Finally, the timing of this motion speaks volumes. Hoiland could have sought this relief over two weeks ago, after Wilder filed her post-judgment motion. But she chose to wait until she saw Wilder's response to that motion and learned of the procedural defect in her filing. Now she wants another bite at the apple to cure the defect and (no doubt) to spruce up her opening brief in response to Hoiland's opposition. There is no reason for five rounds of briefing on this petition. Three is enough.

The letter motion should be denied.

Respectfully submitted,

*/s/ Matthew Hersh*
Matthew Hersh
matt@mestazlaw.com
602 806 2076

---

[2] *Id*. at 316 ("[The prevailing party] having thus been awarded no more than what it cost him to obtain the favorable judgment, [the losing party] should be required to pay such reasonable costs of defending that judgment as were necessitated by [the losing party's] postjudgment motions.")